CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 30 2009

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 1:07-cr-00011-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| TREMAINE DEVON KAPP, | ) | By: Hon. James C. Turk |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Tremaine Devon Kapp, a federal prisoner proceeding pro se, filed a motion to amend his previously denied motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. The court dismissed petitioner's first § 2255 motion on May 21, 2009, after considering the merits of his motion following the expiration of time for petitioner to submit a memorandum of law and fact. Petitioner also filed a motion pursuant to 28 U.S.C. § 1651, the All Writs Act, alleging the same claim raised in his motion to amend. After reviewing petitioner's submissions, the court denies the motion to amend, construes the § 1651 motion as a § 2255 motion, and dismisses the new § 2255 motion as successive.

I.

Petitioner seeks leave to amend his denied § 2255 motion. See Fed. R. Civ. P. 15. Petitioner wants to add the following claim to his dismissed § 2255 motion: "Whether petitioner . . . should have been i[m]nposed as con[]current sentenced instead of consecutive sentence." (Mot. Am. 2.) The court's discretion to permit a Rule 15 amendment "narrows considerably after entry of judgment." Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000). A post-judgment motion to amend may be granted only if the judgment has been vacated. See Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006); cf. United States v. Graham, 81 Fed. App'x 472, 473 (4th Cir. 2003) (unpublished) (construing a § 2255 petitioner's post-judgment motion to

amend as a second or successive petition). The court nor the Court of Appeals has vacated the May 21, 2009, order denying petitioner's § 2255 motion and striking the civil action from the active docket of the court. Therefore, the court denies petitioner's motion to amend.

II.

Petitioner also filed a motion, pursuant to 28 U.S.C. § 1651, seeking to challenge his imposed consecutive sentences. Petitioner similarly alleges that the sentences should have been ordered as concurrent instead of consecutive. Claims that seek to vacate, set aside, or correct a federal sentence should be brought pursuant to 28 U.S.C. § 2255 rather than § 1651. See Carlisle v. United States, 517 U.S. 416, 429 (1996); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Therefore, the court construes petitioner's § 1651 motion as having been brought pursuant to 28 U.S.C. § 2255.

The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). The petitioner has not yet obtained such certification. Accordingly, the court dismisses without prejudice this successive § 2255 motion.

III.

For the foregoing reasons, the court denies petitioner's motion to amend, construes his § 1651 motion as a § 2255 motion, and dismisses this new § 2255 motion as successive.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to petitioner and counsel of record for the United States.

ENTER: This 30th day of June, 2009.

/s/ James C. Turk
Senior United States District Judge

2